# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL REYNOLDS ) | CASE NO.: 5:19CV2602 |
| ) | |
| Plaintiff, ) | JUDGE JOHN ADAMS |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| FALLS STAMPING & WELDING CO. ) | |
| ) | |
| Defendant. ) | |

*Pro se* Plaintiff Michael Reynolds brings this action against Defendant Falls Stamping & Welding Co. pursuant to Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967 ("ADEA"), alleging that Defendant discriminated against him based upon his age, race, and color. Doc. 1 ("Complaint"). Also before the Court is Plaintiff's motion to proceed *in forma pauperis*, which is granted. *See* Docs. 2, 4.

For the reasons that follow, this case is dismissed.

## I. Background

Plaintiff's statement of his claim is very brief: "I was wrongfully terminated." In support, he states that he was terminated on August 16, 2018 "because my trainer who is white gave me permission to operate the machine. I was fired but he was not and the companies [sic] policy states that I as a trainee was not to operate the machine." Complaint at 6. Plaintiff alleges that he was born in 1953. *Id.* at 5.

Plaintiff states that he filed a charge with the Equal Employment Opportunity Commission on August 17, 2018, and he received his Notice of Right to Sue letter on August 5, 2019. *Id*. at 6. For relief, Plaintiff seeks wages for one year. *Id*. at 7.

## II. Law and Analysis

### A. Standard of Review

P*ro se* pleadings are liberally construed by the Court. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers); *Boag v. MacDougall*, 454 U.S. 364, 365 (1982). Nevertheless, federal district courts are expressly required under 28 U.S.C. § 1915(e)(2)(B) to screen all *in forma pauperis* actions and to dismiss before service any such action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

The standard for dismissal articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) with respect to Fed. R. Civ. P. 12(b)(6) also governs dismissal under § 1915(e)(2)(B). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Therefore, in order to survive scrutiny under § 1915(e)(2)(B), a *pro se* complaint must set forth sufficient factual matter, accepted as true and with all reasonable inferences drawn in Plaintiff's favor, to state a plausible claim for relief. *See Anson v. Corr. Corp. of Am.*, 529 F. App'x 558, 559 (6th Cir. 2013) ("Section 1915(e)(2)(B) authorizes dismissal if the action fails to state a plausible claim for relief or is frivolous.") (citations omitted).

**B. Analysis**

The Court assumes for the purpose of this analysis that Plaintiff properly exhausted his administrative remedies and timely filed this action following receipt of his right to sue letter. Even with those assumptions and the benefit of liberal construction, Plaintiff fails to state a plausible Title VII or ADEA claim.

Under the ADEA, 29 U.S.C. § 621 *et seq.*, it is unlawful for an employer to terminate an individual 40 years of age or older because of the individual's age.[1] Title VII, 42 U.S.C. § 2000e–2(a)(1), provides that it is unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."[2]

A plaintiff need not plead the elements of a *prima facie* case of employment discrimination in order to state a plausible claim. *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506 (2002). That said, *Swierkiewicz* did not change the law of pleading, and "offers no gateway for a plaintiff to side-step the 'plausibility' standard laid out in *Twombly* and *Iqbal*." *Smith v. Wrigley Mfg. Co., LLC*, 749 F. App'x 446, 448-49 (6th Cir. 2018) (citing *Keys v. Humana, Inc.*, 684 F.3d 605, 609-10 (6th Cir. 2010)). While Plaintiff is not required to include detailed factual allegations in order to state a plausible claim, he

---

[1] In order to establish a *prima facie* case of age discrimination based on wrongful termination, a plaintiff must demonstrate that (1) he is a member of a protected class, (2) he was subjected to an adverse employment action, (3) he was qualified, and (4) he was replaced by someone outside of the protected class. *Geiger v. Tower Auto.*, 579 F.3d 614, 622 (6th Cir. 2009).

[2] To establish a *prima facie* case of discrimination under Title VII using circumstantial evidence, a plaintiff must show that (1) he is a member of a protected class; (2) suffered an adverse employment action; (3) was qualified for the position; and (4) a similarly-situated person outside of the protected class was treated more favorably than he was. *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 363 (6th Cir. 2010).

must provide more than an unadorned the "defendant-unlawfully-harmed-me" accusation. *Iqbal*, 556 U.S. at 678.

Here, even under the liberal pleading standards afforded to *pro se* litigants, Plaintiff's sparse factual allegations, which the Court assumes to be true, are insufficient to state a plausible claim that he was terminated or otherwise discriminated against by Defendant because of his age, race, or color in violation of the ADEA and Title VII. Accordingly, this action is dismissed pursuant to § 1915(e)(2)(B).

## III. Conclusion

For all the foregoing reasons, this case is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff's motion to proceed *in forma pauperis* is granted. *See* Docs. 2, 4.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Date: March 11, 2020              /s/ *John R. Adams*
                                  JUDGE JOHN R. ADAMS
                                  UNITED STATES DISTRICT COURT